**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John A. ORUM, Defendant–Appellant.**

**No. 03–6147.**

United States Court of Appeals,
Sixth Circuit.

Aug. 16, 2004.

Terry M. Cushing, Monica Wheatley, Asst. U.S. Attorneys, U.S. Attorney's Office, Louisville, KY, for Plaintiff–Appellee.

Dennis A. Hardin, Keen & Hardin, Bowling Green, KY, for Defendant–Appellant.

Before BATCHELDER and GIBBONS, Circuit Judges; and STAFFORD, District Judge.*

## ORDER

John A. Orum, proceeding through counsel, appeals his judgment of conviction and sentence. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Orum was charged in a superseding indictment with two counts of selling a firearm to a convicted felon, in violation of 18 U.S.C. § 922(d)(1), and one count of dealing in firearms without a federal firearms license, in violation of 18 U.S.C. § 922(a)(1)(A). The case was tried to a jury and on April 18, 2003, Orum was found guilty on all three counts. Following the preparation of a presentence investigation report, the district court sentenced Orum to serve twenty-one months of imprisonment for each count, to run concurrently, serve two years of supervised release for each count, to run concurrently, and pay a special assessment in the amount of $300.

Orum filed a timely appeal, in which he contends that: 1) the evidence presented at trial was insufficient to convict him of dealing in firearms without a proper license; and 2) the district court improperly struck a juror for cause.

In his first argument, Orum contends that he was entitled to a judgment of acquittal because the evidence presented at trial was insufficient to support his conviction for dealing in firearms without a proper license. We review de novo a district court's denial of a motion for a judgment of acquittal challenging the sufficiency of the evidence. *United States v. Keeton*, 101 F.3d 48, 52 (6th Cir.1996). When considering whether a conviction is supported by sufficient evidence, we review the evidence and all reasonable inferences in a light most favorable to the government. *United States v. King*, 169 F.3d 1035, 1038 (6th Cir.1999). Sufficient evidence has been presented to support a conviction if "any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *Id.* at 1038–39; *see also Jackson v. Virginia*,

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Upon review, we conclude that the district court properly denied Orum's motions for a judgment of acquittal because sufficient evidence was presented for a reasonable juror to find him guilty of dealing in firearms without a license. First, it is undisputed that Orum did not have a license to deal in firearms. Second, the evidence presented at trial indicates that Orum engaged in the business of dealing firearms. This evidence included testimony by confidential informants that Orum frequented flea markets and gun shows where he displayed and sold firearms; that he offered to sell firearms to them on several occasions and actually sold them three different firearms on two different occasions; and that he bought and sold firearms for a profit. Third, the evidence presented indicates that Orum knew his actions were unlawful. The confidential informants testified that Orum sold them firearms even though he knew they were convicted felons. Moreover, the evidence revealed that Orum previously held a license to deal firearms but "gave it up" because he did not "appreciate government intrusion." Viewing the evidence in a light most favorable to the government, the evidence presented at trial demonstrated that Orum was engaged in the business of dealing firearms without a license.

■ In his second argument, Orum contends that the district court erred in striking a juror for cause. We review for an abuse of discretion a district court's decision to strike a juror for cause. *Marks v. Shell Oil Co.,* 895 F.2d 1128, 1129 (6th Cir.1990); *United States v. Smith,* 748 F.2d 1091, 1095 (6th Cir.1984). The Constitution guarantees a criminal defendant the right to trial by an impartial jury. U.S. Const. amend. VI. The standard of impartiality is not impossibly high: "[i]t is sufficient if the juror can lay aside his

impression or opinion and render a verdict based on the evidence presented in court." *Irvin v. Dowd,* 366 U.S. 717, 723, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).

Upon review, we conclude that the district court did not abuse its discretion when it struck Juror 51 for cause. Juror 51 expressed strong personal opinions regarding excluded evidence and he did not state unequivocally that he could set aside his opinions regarding the exclusion of evidence and decide the case fairly. While every doubt expressed by a juror about the ability to be fair and impartial does not require an excuse for cause, Juror 51 expressed a real, substantial doubt, based upon his own life experiences, that he could be fair. Under these circumstances, Juror 51's ability to be impartial was reasonably called into doubt.

Accordingly, we affirm the district court's judgment.