NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0904n.06
Filed: December 18, 2006

No. 05-4644

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| MARK SMITH, | ) | |
| | ) | MEMORANDUM |
| Defendant-Appellee. | ) | OPINION |

BEFORE: COLE and McKEAGUE, Circuit Judges; and BREEN, District Judge.*

**McKEAGUE, Circuit Judge.** Defendant Mark Smith pleaded guilty to possession with intent to distribute more than 50 grams of crack cocaine. He was originally sentenced on February 27, 2004, to a prison term of 188 months, at the low end of the then mandatory sentencing guidelines range. The sentence was vacated by this court on June 15, 2004, pursuant to *United States v. Booker*, 543 U.S. 220 (2005). On re-sentencing, October 28, 2005, the district court exercised its discretion to vary from the now advisory guidelines range and imposed the mandatory minimum sentence of 120 months.

In imposing sentence, the district court noted the 188 to 235-month advisory guidelines range and expressly mentioned the 18 U.S.C. § 3553(a) factors it was obliged to consider.

---

* The Honorable J. Daniel Breen, United States District Judge for the Western District of Tennessee, sitting by designation.

Notwithstanding these considerations, the district judge opined "that a ten-year sentence is either going to correct the situation or it's hopeless." The district judge's only explanation for the 68-month variance: "I do believe that your efforts at rehabilitation exceed the norm, and that takes your case out of the heartland of cases that have been taken into account by the Sentencing Commission."

On appeal, the government contends this explanation is not supported by the record and is insufficient to justify the maximum possible variance. The resulting sentence is said to be substantively unreasonable. We agree.

The district court's sentence must be upheld unless it is found to be either procedurally or substantively unreasonable. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006). A sentence may be held *procedurally* unreasonable if the district court (1) did not appreciate the non-mandatory nature of the guidelines, (2) did not correctly calculate the sentencing range under the guidelines, or (3) did not consider the 18 U.S.C. § 3553(a) factors. *United States v. Davis*, 458 F.3d 491, 495 (6th Cir. 2006). Here, there is no question but that the district court imposed a mechanically correct sentence. The government does not argue that the sentence is procedurally unreasonable in any of these three ways.

A sentence may be held *substantively* unreasonable if the district court (1) selected the sentence arbitrarily, (2) based the sentence on impermissible factors, or (3) gave an unreasonable amount of weight to a pertinent factor. *Collington*, 461 F.3d at 808. The government contends the sentence is substantively unreasonable because the district court erred by relying on an impermissible factor.

The only explicit justification for the district court's variance from the undisputed advisory guidelines range is its reliance on Smith's post-sentencing rehabilitation efforts, which it characterized as "exceeding the norm." The government correctly contends this is an impermissible consideration. In *United States v. Worley*, 453 F.3d 706 (6th Cir. 2006), the Sixth Circuit made it clear that when a defendant is re-sentenced pursuant to a *Booker* remand, "post-sentencing events or conduct simply are not relevant." *Id*. at 709 (quoting *United States v. Re*, 419 F.3d 582, 584 (7th Cir. 2005)). This is because the goal of the *Booker* remand for re-sentencing is to determine whether, *at the time of the original sentencing*, the district judge would have imposed a different sentence in the absence of mandatory guidelines. *Id*.[1] It is thus apparent that the district court's only explicit justification for the 68-month variance from the guidelines range is an impermissible

---

[1]*Worley* was decided some eight months after Smith's re-sentencing, but the ruling was based in part on U.S.S.G. § 5K2.19, effective November 1, 2000, which provides:

> Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense.

consideration.[2] The district court's reliance on Smith's post-sentencing rehabilitation efforts was in error and renders the sentence substantively unreasonable.

Accordingly, the judgment of sentence is **VACATED** and the matter is **REMANDED** once again to the district court for re-sentencing.

---

[2]In support of his argument that rehabilitation efforts do represent a permissible factor, Smith cites *United States v. Allman*, 119 F. App'x 751 (6th Cir. 2005) (unpublished). *Allman* is inapposite. In *Allman*, the court observed that "[o]nly exceptional rehabilitation can support downward departure." 119 F. App'x at 755. The court was referring, however, to post-offense, *pre-sentencing* conduct; not the sort of post-sentencing conduct at issue here and in *Worley.*

Moreover, although the extent of Allman's rehabilitation efforts is not defined in the court's opinion, the court held that his efforts were not atypical or exceptional and did not warrant a downward departure. Here, too, the unsubstantiated representations that Smith has taken advantage of vocational training opportunities made available by the Bureau of Prisons hardly suggest "exceptional" rehabilitation efforts.