UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

December 22, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Nos. 01-3853, 01-3865

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* <br><br> *v.* <br><br> JAMES P. YOUNG & EDWARD L. JACKSON, JR., *Defendants-Appellants.* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 96 CR 815 <br><br> Charles P. Kocoras, *Chief Judge.* |

**O R D E R**

James P. Young and Edward L. Jackson, Jr., are part of a group of former members of the Chicago Police Department (CPD) who were charged with racketeering, extortion, robbery, drug, and weapons violations. See *United States v. Moore*, 363 F.3d 631 (7th Cir. 2004). On appeal, both initially challenged only their convictions, which were affirmed. However, in a supplement to their petition for *certiorari*, each objected to his sentence for the first time, making arguments based on *Blakely v. Washington*, 542 U.S. 296 (2004). On January 24, 2005, the Supreme Court granted their petition, vacated this court's judgment, and remanded the case to us for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). In an

order dated May 10, 2005, we recognized that the district court at the 2001 sentencing hearing understandably violated the Sixth Amendment by treating the Sentencing Guidelines as mandatory. As neither Young nor Jackson originally raised a Sixth Amendment challenge before the district court, we reviewed their sentencing proceedings for plain error only. See *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). As in *Paladino*, we remanded to the district court to learn whether it would impose a different sentence now that it knew that the Guidelines are merely advisory.

At the original sentencing, Jackson was sentenced – based on a properly calculated Guidelines range – to 360 months on 15 counts, including racketeering, extortion, and conspiracy, and to a consecutive 1,020 months for five firearms violations. Adding the two together, Jackson received a total sentence of 1,380 months. Young was convicted of extortion and an accompanying firearm offense; he was sentenced to 111 months.

The district court has informed us that it would impose the same sentence against both defendants under the now-advisory Guidelines. The defendants' primary argument before the district court was that their exemplary behavior in prison merits reduced sentences. The district court appropriately rejected post-sentencing good behavior and good deeds as a basis for altering the sentences imposed. See *United States v. Re*, 419 F.3d 582, 584 (7th Cir. 2005). The question before the district court on the *Paladino* remand was whether the court would have imposed a different sentence had it known the Guidelines were advisory. The defendant may call to the court's attention and the court may consider the factors listed in 18 U.S.C. § 3553(a), which previously were not part of the sentencing calculation, but the court may not consider either events or the defendants' actions after the date of sentencing. See *Re*, 419 F.3d at 584 ("[I]n a *Paladino* remand the conduct or circumstances that bear on the § 3553(a) factors must have been in existence at the time the original sentence was imposed. . . . Post-sentencing events or conduct simply are not relevant to that inquiry.").

Where, as here, the district court indicates that it would impose the same sentence, we must consider whether that sentence is reasonable. Sentences within the ranges properly calculated under the Guidelines are presumptively reasonable. See *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005). That presumption, however, is rebuttable.

In this case, Jackson contends that his properly calculated sentence of 1,380 months, or 115 years, is "just not reasonable" and that a lesser sentence would be reasonable because it would provide "just punishment and deterrence and protect[] the public." Jackson contends that prior to his convictions he lead "an otherwise exemplary life," was an active member of his community, and loving family man and that a lesser

sentence such as 20 years in prison would be sufficient to punish and deter without incarcerating him for the rest of his life (as 115 years in prison will certainly do). Jackson also relies on his post-sentencing conduct in prison to argue that he is "no longer a danger to the community," but, as we noted above, his post-sentencing conduct plays no part in our plain error calculation.

There can be no doubt that the functional life sentence imposed on Jackson is severe. But is it so severe as to be unreasonable as measured against the factors listed in § 3553(a)? Section 3553(a) requires that the sentence imposed be "sufficient, but not greater than necessary," to deal with concerns including the "nature and circumstances of the offense and the history and characteristics of the defendant;" "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "adequate deterrence to criminal conduct;" and the need to "protect the public from further crimes of the defendant." In this case, Jackson has received a very severe sentence, but he also committed a very serious crime. He and his fellow police officers betrayed their duty to protect the public from gangs and drugs by instead personally exploiting and profiting from those unsavory elements in our society. As the district court noted, "The offenses here were severe, extreme, and significantly exacerbated by Defendants' misuse of their positions of trust and authority. This reality is most starkly demonstrated by the fact that these substantial sentences were the sum of all of the minimum punishments allowable once all the applicable factors were taken into consideration. The offenses were significant; the punishment was commensurately significant." Jackson's crime involves a special kind of problem that arises when the police officers upon whom society depends for protection instead exploit their positions to perpetuate and profit from, rather than thwart, crime. It is important that the punishment imposed deters not only Jackson from future crimes, but other law enforcement officers from following his disturbing path. In such circumstances, even a sentence of 115 years cannot be deemed unreasonable.

Unlike Jackson, Young did not respond to the district court's statement that it would have imposed the same sentence upon him had it known the Guidelines were advisory. His sentence of 111 months is within the properly calculated Guideline range. He has thus not overcome the presumption of reasonableness that accompanies such a sentence. See *Mykytiuk*, 415 F.3d at 608.

We find that the sentences imposed upon both Jackson and Young were reasonable. The judgment is therefore **AFFIRMED**.