UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

February 6, 2006

Before

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

No. 03-3764

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>*v.*<br><br>TERENCE DILWORTH,<br>*Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division.<br><br>No. 2:02 CR 44<br><br>James T. Moody,<br>*Judge*. |

## ORDER

### I.

Terence Dilworth was convicted of conspiracy to distribute 50 grams or more of crack cocaine and of two counts of distributing crack cocaine. At sentencing, the district court determined that, given Mr. Dilworth's involvement in the long-term conspiracy, Mr. Dilworth reasonably could have foreseen the distribution of at least one and one-half kilograms of cocaine. Based on that determination, the district court sentenced Mr. Dilworth to 360 months' imprisonment in accordance with the then-mandatory United States Sentencing Guidelines. Mr. Dilworth appealed his conviction and sentence.

This court affirmed Mr. Dilworth's conviction, but noted that, in sentencing Mr. Dilworth, the district court had relied "on facts that were neither admitted by Mr. Dilworth nor proven to the jury beyond a reasonable doubt," *United States v.*

*Price*, 418 F.3d 771, 786 (7th Cir. 2005); the sentence, therefore, violated Mr. Dilworth's Sixth Amendment rights, *see United States v. Booker*, 125 S. Ct. 738 (2005). To determine whether Mr. Dilworth's sentence constituted plain error, we ordered a limited remand, *see Paladino v. United States*, 401 F.3d 471 (7th Cir. 2005), to allow the district court to inform us whether it would have imposed a different sentence on Mr. Dilworth had the court understood the Guidelines to be advisory.

In accordance with the remand order, the district court requested statements from the parties concerning the appropriateness of the sentence. After considering these submissions, the district court advised us accordingly:

> Considering the record as it stands and the argument of counsel based on that record in light of the sentencing criteria under § 3553(a), and with the knowledge that the Guidelines are merely advisory, the court believes that the sentences imposed were reasonable, appropriate, and sufficient, but not greater than necessary, to comply with the sentencing purposes set out in § 3553(a)(2). Thus, were the court to resentence defendants now, it would impose the same sentences.

*Opinion and Statement on Limited Remand as to Resentencing* at 3.

## II.

"Recent opinions form this Court set forth the procedures to be followed in imposing a sentence post-*Booker*." *United States v. Rodriguez*, 425 F.3d 1041, 1046 (7th Cir. 2005). Specifically,

> [s]entencing courts must continue to calculate the applicable guidelines range even though the guidelines are now advisory. Courts must also give defendants the "opportunity to draw the judge's attention to any factor listed in section 3553(a) that might warrant a sentence different from the guidelines sentence." *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005). In entering the sentence, the judge must consider the sentencing factors in § 3553(a), *United States v. Re*, 419 F.3d 582, 583 (7th Cir. 2005), and "articulate the factors that determined the sentence that he has decided to impose," *Dean*, 414 F.3d at 729.

*Id.* (citations omitted). "A rote statement that the judge considered all relevant factors will not always suffice; the temptation to a busy judge to impose the guidelines sentence and be done with it, without wading into the vague and prolix statutory factors, cannot be ignored." *United States v. Cunningham*, 429 U.S. 673, 679 (7th Cir. 2005).

In the present case, Mr. Dilworth makes only one claim specifically addressed to the district court's *Paladino* statement. He argues that there is no evidence that the district court considered the sentencing factors set forth in 18 U.S.C. § 3553, specifically "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).[1] Mr. Dilworth points out that other members of the conspiracy, who were tried by a different judge, received reductions in sentences such that his sentence is now disproportionately severe. However, continues Mr. Dilworth, the district court did not consider this disparity--as required by § 3553--on the limited remand.

We cannot accept Mr. Dilworth's claim that the district court's failure to address this disparity requires that we remand for resentencing. This is not a case in which the district court "passed over in silence the principal argument made by the defendant." *Id.* In his submission to the district court, Mr. Dilworth neither invited the court's attention to the reductions received by his co-conspirators nor identified specific factors of § 3553 that he wished the court to consider. Consequently, the district court's failure to address this argument does not render its sentencing determination unreasonable.

## III.

Apart from his claim that the district court's § 3553 analysis was deficient, Mr. Dilworth raises two other claims which we now address.

First Mr. Dilworth argues that the district court improperly calculated his criminal history category. Mr. Dilworth maintains that the court increased his criminal history category based on convictions that were not supported by adequate documentation. However, Mr. Dilworth failed to present this claim in his briefing to this court, and it therefore is waived.

Mr. Dilworth also renews an argument that was made to this court in his original briefing. Mr. Dilworth submits that the district court failed properly to

---

[1] Mr. Dilworth also makes a general claim that due process requires that he be sentenced anew with full consideration of the § 3553 factors. Mr. Dilworth's claim misses the mark. We already have acknowledged a constitutional violation in Mr. Dilworth's sentencing; the question before this court is whether that error is "plain" such that this court should address the issue on the merits; a necessary component of that plain error analysis is prejudice. That is, absent evidence that consideration of the § 3553 factors would have benefitted Mr. Dilworth in some way, prejudice, and therefore plain error, has not been established.

calculate the amount of cocaine reasonably foreseeable to him.[2] He invites our attention to several alleged errors on the part of the district court, all of which are discussed below.

Mr. Dilworth maintains that the district court was required to make specific factual findings with respect to how it arrived at the amount of cocaine attributable to Mr. Dilworth. In the present case, however, the district court adopted the position of the probation department as it related to the calculation of the amount of cocaine involved in the conspiracy and which was attributable to Mr. Dilworth. *See* Sent. Tr. at 112. "'The reference to the findings and rationale in the presentence report allows us, as a reviewing court, to evaluate the district court's decision, and that is all that is required.'" *United States v. Brimley*, 148 F.3d 819, 822 (7th Cir. 1998) (quoting *United States v. Taylor*, 135 F.3d 478, 483 (7th Cir. 1998)). Consequently, under the circumstances here, the failure of the district court to set forth in detail its drug calculation does not constitute clear error.

Mr. Dilworth also submits that the evidence on which the court relied is inherently unreliable because it is based, in part, on witness statements as opposed to live testimony. However, this court previously has "allowed written summaries of an agent's interviews with witnesses and the defendant to be used at sentencing, as well as any agents testimony based on police reports and other forms of out-of-court testimony." *United States v. Szakacs*, 212 F.3d 344, 352-53 (7th Cir. 2000) (citations omitted). The statements offered to support Mr. Dilworth's sentence not only were internally consistent, but also were consistent with the testimony offered at trial concerning Mr. Dilworth's participation in the conspiracy. The district court did not err in relying on this evidence.

Finally, Mr. Dilworth suggests that testimony given by a Government witness at trial casts doubt on the reliability of the evidence used by the district court at sentencing. Specifically, Mr. Dilworth argues that "Marvin Childress testified that he knew defendant Dilworth since elementary school and that [he] never saw defendant Dilworth selling drugs on 'the Hill'. Further, in all the time that he knew defendant Dilworth, defendant Dilworth never told Marvin Childress that he sold drugs." *Appellant Dilworth's Position Statement* at 9. Upon closer inspection, however, Childress' testimony is not inconsistent with the evidence offered against Mr. Dilworth at trial or at sentencing. In his testimony, Childress admitted to informing police that Mr. Dilworth was "selling crack cocaine on the Hill." Tr. Vol. V at 212. Childress clarified that "I seen him up there with the other guys, but I never actually seen him back and forth to a car selling crack cocaine"; when asked why he had told investigators that Mr. Dilworth was selling crack,

---

[2] Our *Paladino* remand made it unnecessary for us to address this claim when Mr. Dilworth previously was before this court.

Childress responded, "I assume he was up there with the rest of them," *id.* Thus, Childress actually corroborated Mr. Dilworth's association with other members of the conspiracy, but simply never personally witnessed Mr. Dilworth involved in a drug transaction. Such testimony hardly calls into question the voluminous evidence that Mr. Dilworth not only participated in the conspiracy, but also understood the drug quantities involved in the conspiracy.

## Conclusion

The district court did not err in calculating Mr. Dilworth's sentence. Furthermore, Mr. Dilworth has not come forward with any evidence, based on the factors set forth in § 3553, that his sentence is unreasonable. We therefore affirm the sentence of 360 months' imprisonment imposed by the district court.

AFFIRMED