**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2021[*]
Decided March 16, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-2389

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:02 CR 44 |
| TERRENCE DILWORTH, *Defendant-Appellant*. | James T. Moody, *Judge*. |

**O R D E R**

Nearly a decade after he was convicted of cocaine-base ("crack") offenses, Terrance Dilworth moved to reduce his sentence under the First Step Act of 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). The district court reduced Dilworth's term of supervised release but declined to change his prison-release date. Because the district court did not abuse its broad discretion in doing so, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

A jury convicted Dilworth in 2003 on two counts of distributing more than five grams of crack cocaine, 21 U.S.C. § 841(a)(1), and one count of conspiring to distribute more than 50 grams of crack cocaine, *id.* § 846. The court sentenced him to 360 months in prison, the bottom of the guidelines range, plus 5 years' total supervised release. We affirmed the convictions and sentence. *United States v. Dilworth*, 168 F. App'x 89 (7th Cir. 2006). Later, the district court reduced Dilworth's prison sentence to 292 months, after amendments to the guidelines lowered his applicable range to 292–365 months.

In 2018, Congress passed the First Step Act, which made provisions of the Fair Sentencing Act retroactive for certain defendants convicted of crack-related offenses. § 404(b), 132 Stat. at 5222. The First Step Act gave district courts discretion to reduce the sentence for these defendants as if the Fair Sentencing Act had been in effect at the time of their offenses. § 404(a), (c), 132 Stat. at 5222. The Fair Sentencing Act, in relevant part, modified 21 U.S.C. § 841(b)(1)(A) and (B)—the subsections under which Dilworth was sentenced—by reducing its statutory minimum penalties and increasing the amount of crack needed to trigger those penalties. *Compare* 21 U.S.C. § 841(b)(1)(A), (B) (2018), *with* 21 U.S.C. § 841(b)(1)(A), (B) (2003). Based on the First Step Act, Dilworth moved to reduce his sentence to 255 months with 3 years' supervised release; he highlighted his positive post-conviction behavior, having completed education and self-improvement courses and having committed only minor disciplinary infractions.

The district court reduced Dilworth's term of supervised release but declined to decrease his prison term. The court acknowledged Dilworth's completion of coursework and his minor disciplinary history but concluded that its prior consideration of the factors under 18 U.S.C. § 3553(a) "remain[ed] valid"—his drug crime was serious, the drug conspiracy was significant, and the court needed to deter Dilworth and others from engaging in similar activity. Even with the application of the Fair Sentencing Act to his case, the court added, the low end of the applicable guidelines range continued to be 292 months, and it saw no reason to disturb that sentence.

On appeal, Dilworth maintains that the district court failed to account adequately for his post-sentencing conduct. He summarizes, for instance, his extensive academic accomplishments while in custody—a degree from Indiana State University, practical training in various trades, and participation in drug treatment programs. He also notes that he has had only one minor disciplinary infraction in 14 years.

But the district court acted within its discretion in determining that Dilworth's post-sentencing conduct did not outweigh the applicable § 3553(a) sentencing factors,

specifically the seriousness of his crimes and the need for deterrence. *See United States v. Hudson*, 967 F.3d 605, 609 (7th Cir. 2020). Dilworth may disagree with the weight the court gave these factors, but this determination rests within the court's discretion. *See United States v. Sutton*, 962 F.3d 979, 986 (7th Cir. 2020).

Dilworth further argues that the district court did not consider the need to avoid an unwarranted sentencing disparity with his codefendants. *See* 18 U.S.C. § 3553(a)(6). He points out that the court declined to reduce his sentence, yet it lowered the sentence of fellow coconspirator Aron Davis—who had comparable post-sentencing conduct. (The court had reduced Davis's sentence under the First Step Act from 327 months, the top of his guidelines range, to 262 months, the bottom of his guidelines range.)

A sentence might be unreasonable if it creates "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id*. But because the guidelines derive from national sentencing patterns, a within-guidelines sentence "*necessarily gives weight and consideration to avoiding unwarranted disparities*." *United States v. Castro-Aguirre*, 983 F.3d 927, 944 (7th Cir. 2020) (internal quotation and citation omitted); *United States v. King,* 910 F.3d 320, 330 (7th Cir. 2018). Here, the district court properly calculated Dilworth's guidelines range and imposed a within-guidelines sentence; his higher guidelines range simply reflected his higher criminal-history category (category III as compared to Davis's category II, *see United States v. Davis*, 682 F.3d 596, 605, 608 (7th Cir. 2020)).

AFFIRMED