**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

April 13, 2006

*Before*

Hon. WILLIAM J. BAUER, Circuit Judge

Hon. RICHARD A. POSNER, Circuit Judge

Hon. DIANE P. WOOD, Circuit Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ] | Appeals from the United |
|     Plaintiff-Appellee, | ] | States District Court for |
| | ] | the Northern District of |
| Nos. 02-2253, 02-2254, 02-2465 | ] | Illinois, Eastern Division. |
|    and 02-3625        v. | ] | |
| | ] | No. 00 CR 853 |
| WILLIAM A. HANHARDT, JOSEPH N. | ] | |
| BASINSKI and GUY S. ALTOBELLO | ] | Charles R. Norgle, Sr., |
|    Defendants-Appellants. | ] | Judge. |

O R D E R

We ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), to determine whether the district judge would have imposed the same sentences on William Hanhardt, Joseph Basinski and Guy Altobello had he understood that the federal sentencing guidelines were advisory. In a 23-page order dated March 13, 2006, the district judge replied that he would. It remains for us then to determine whether the sentences imposed on these individuals are reasonable. *Paladino*, 401 F.3d at 484 (court of appeals will affirm original sentence against plain error challenge, provided the sentence is reasonable, if the district court states that it would reimpose same sentence).

Counsel for Altobello makes no challenge to the district court's determination, informing us that Altobello's "request for a reduced sentence has

- over -

essentially been rendered moot as a result of his recent release from the penitentiary." See "Position Paper of Guy Altobello" filed on March 23, 2006.  As such, Altobello has effectively abandoned any issue regarding his sentence, and presumption of reasonableness that attaches to an accurately calculated sentence remains intact.  See *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005) (any properly calculated sentence is entitled to a rebuttable presumption of reasonableness).

Hanhardt and Basinski, on the other hand, complain that the district court's refusal to consider their deteriorating health amounted to legal error.  We disagree.  The purpose of a *Paladino* remand is to determine whether, at the time he originally sentenced the defendants, the district judge would have chosen a different sentence had he known the guidelines were advisory.  *United States v. Re*, 419 F.3d 585, 583 (7th Cir. 2005).  The district judge was correct to restrict his consideration of section 3553(a) factors to those in existence at the time he sentenced the defendants.

In his lengthy order of March 13, 2006, the district judge reviewed the facts of the case and addressed the various issues that counsel for Hanhardt and Basinski raised in favor of more lenient sentences.  In the end the district judge determined that the sentences he imposed on Hanhardt and Basinski were appropriate, stressing that "[t]hese co-conspirators stole merchandise worth millions of dollars over a period of nearly 20 years."  He went on to explain that "[t]o impose a lesser sentence on any of these co-conspirators, who have maliciously stalked and stolen from unarmed, unprotected, and vulnerable salespersons out of sheer greed, would not serve as a deterrent to others, and would deprecate the seriousness of this conduct."  We are confident that the district judge gave meaningful consideration to the section 3553(a) factors, and conclude that the sentence of Hanhardt and Basinski are reasonable.

We therefore AFFIRM the judgment of the district court as to defendants Hanhardt, Basinski and Altobello.