**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Philip M. SEBOLT, Defendant–Appellant.**

No. 04–2588.

United States Court of Appeals,
Seventh Circuit.

April 8, 2009.

April M. Perry, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Richard A. Duffin, Chicago, IL, for Defendant–Appellant.

Before WILLIAM J. BAUER, Circuit Judge, MICHAEL S. KANNE, Circuit Judge and DIANE S. SYKES, Circuit Judge.

**ORDER**

Philip Sebolt appealed his conviction and sentence of 360 months' imprisonment for various federal crimes involving child pornography. We affirmed his conviction, but ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir.2005), to determine whether the district court would have imposed the same sentence had he known that the federal Sentencing Guidelines were advisory rather than mandatory. In an order dated December 22, 2008, Judge Ronald A. Guzman, replied that he would have, citing the sentencing goals enumerated in 18 U.S.C. § 3553. We now must determine whether the sentence imposed was reasonable. *United States v. Hanhardt*, 177 Fed.Appx. 487, 488 (7th Cir.2006); *see Paladino*, 401 F.3d at 484.

In his position statement, Sebolt asserts, without explanation, that (1) his sentence is unreasonable in light of the objectives of 18 U.S.C. § 3553, and (2) Judge Guzman failed to comply with 18 U.S.C. § 3584(b) in imposing his sentences consecutively.

Sebolt's sentence fell within the applicable Guidelines range, and is therefore presumed reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). As we previously noted, at Sebolt's initial sentencing "[t]he judge thoroughly discussed his reasons to ensure that the sentencing range reflected the seriousness of Sebolt's conduct and the sheer volume of pornography he possessed." *United States v. Sebolt*, 460 F.3d 910, 919 (7th Cir.2006). In its December 22 order, the

judge referenced that discussion, noting that he had already fully considered the different factors impacting the § 3553 sentencing goals. With that in mind, the district judge found no basis for imposing a different sentence. Since Sebolt has offered nothing to overcome that finding, he has failed to rebut the presumption that his sentence is reasonable. *See Mykytiuk*, 415 F.3d at 608.

As to Sebolt's second argument, § 3584(b) requires that the district judge consider the factors set forth in § 3553 in determining whether to impose concurrent or consecutive terms. Judge Guzman made clear that he had considered those factors, including just punishment, adequate deterrence, protecting the public, and providing remedial treatment and training. Sebolt's consecutive sentences therefore did not violate § 3584(b).

We AFFIRM.