**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jeffrey WORLEY, Defendant–**
**Appellant.**

No. 03–5470.

United States Court of Appeals,
Sixth Circuit.

June 10, 2004.

Perry H. Piper, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

A. Christian Lanier, III, Chattanooga, TN, for Defendant–Appellant.

Before MARTIN and SUTTON, Circuit Judges; and HOLSCHUH, District Judge.*

*ORDER*

Jeffrey Worley, a federal prisoner proceeding through counsel, appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Worley was indicted on five counts of trafficking in methamphetamine. After the district court denied his motion to suppress, Worley reached a verbal plea agreement with the government. In exchange for the dismissal of four counts, Worley entered an unconditional guilty plea on

* The Honorable John D. Holschuh, United States District Judge for the Southern District  of Ohio, sitting by designation.

December 9, 2002, to conspiracy to manufacture and distribute in excess of fifty grams of methamphetamine mixture in violation of 21 U.S.C. §§ 841(a)(1) and 846. Worley's guidelines range was then calculated to be 135 to 168 months in prison, based on a total offense level of 33 and a criminal history category of I. The district court sentenced Worley in the middle of the range to 152 months in prison, as well as 4 years of supervised release.

Worley's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Following a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal as Worley had entered an unconditional plea and as Worley was properly sentenced. Worley was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we conclude that counsel's motion to withdraw must be granted as counsel has filed an acceptable *Anders* brief.

■ First, Worley may not challenge the district court's denial of his motion to suppress. As Worley did not enter a conditional plea preserving the right to raise this issue on appeal, he has forfeited all non-jurisdictional attacks on his conviction. *See United States v. Bahhur*, 200 F.3d 917, 923 (6th Cir.2000). A guilty plea represents a break in the chain of events which preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 266–67, 93 S.Ct.

1602, 36 L.Ed.2d 235 (1973). This includes claims concerning pre-plea rulings on motions to suppress evidence. *United States v. Herrera*, 265 F.3d 349, 351 (6th Cir. 2001).

Second, a defendant may only appeal his sentence on the grounds that: 1) it was imposed in violation of law; 2) it was imposed as a result of an incorrect application of the Sentencing Guidelines; 3) it represented an upward departure from the applicable guideline range; or 4) it is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994). Moreover, if a defendant does not object to sentencing errors at the time of sentencing, the defendant forfeits his right to raise the errors on appeal and this court will review the sentence only for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996).

■ Worley did not raise any objections at sentencing, and review of the sentence does not reveal any plain error. The transcript of the sentencing hearing reflects that Worley and his counsel were present and were given ample opportunity to comment on the presentence investigation report. Worley's total offense level was properly calculated as 33. His base offense level was 34, 2 points were added as a specific offense characteristic because firearms were recovered from Worley's residence, and 3 points were subtracted for acceptance of responsibility. *See* USSG §§ 2D1.1(a)(3), (b)(1), and 3E1.1. Worley's criminal history category was properly determined to be I, because no criminal history points were assessed. Thus, Worley's guideline range was properly calculated as 135 to 168 months of imprisonment. *See* USSG Ch.5, Pt.A. The district court did not depart upward from the guideline

range, but imposed a prison term of 152 months. We note that the plea agreement did not contain a provision concerning the length of the sentence.

Accordingly, the motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.