# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

Nos. 03-2089 & 03-2129

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RANDALL RE and ANTHONY CALABRESE,

*Defendants-Appellants.*

———————

Appeals from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 02 CR 448—**Charles P. Kocoras**, *Chief Judge.*

———————

SUBMITTED JULY 6, 2005—DECIDED AUGUST 12, 2005

———————

Before KANNE, EVANS, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* On November 1, 2002, Anthony
Calabrese and Randall Re were convicted of conspiring to
commit extortion and conspiring to travel to commit ex-
tortion. After considering the relevant enhancements, the
district court sentenced both men to 87 months' imprison-
ment for Count 1 and 60 months for Count 2, with the
sentences to run concurrently. Because the sentences were
imposed under a mandatory sentencing guidelines regime,
we ordered a limited remand in accordance with
*United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

In a *Paladino* remand, this court retains jurisdiction over the appeal and the district judge is instructed to "determine whether he would (if required to resentence) reimpose his original sentence. If so, we will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable[.]" *Id.* at 484 (internal citation omitted). If, however, the judge decides that he would have sentenced the defendant differently under an advisory guideline regime, we will vacate the original sentence and remand for resentencing. *Id.*

In the course of this limited remand, the district court is to consider the sentencing factors set out in 18 U.S.C. § 3553(a). "Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less." *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005).

Here, Re and Calabrese argue that they should be resentenced because the extraordinary progress they have both made while incarcerated proves that 87-month sentences are unjust. They presented the district court with evidence of classes they have taken, good works they have done, and letters from various friends and family members noting that they have changed for the better while in prison and asking the court to shorten their sentences.

Chief Judge Kocoras found that if he had known at the time of sentencing that the guidelines were merely advisory, he would have imposed the same sentences because of the seriousness of the violent crimes committed by the defendants. However, "[i]f post-sentencing events and conduct were properly to be considered, I cannot honestly say whether or not the sentences imposed would remain the same. In fact they may well not be. . . . [But if,] the record

that was to be considered terminated at the time of the original sentencing was considered, I think the sentence would be the same."

The purpose of the limited remand is to decide whether the court committed plain error when it originally sentenced the defendants. *See Paladino*, 401 F.3d at 483-84. If, at that time, the judge would have chosen a different sentence had he known that the guidelines were not mandatory, plain error occurred. Here, the district court correctly excluded post-sentencing events and conduct and determined that it would have imposed the same sentence; therefore, there is no prejudice, no plain error, and the original sentence stands. *Id.* at 484. Having made that determination, we must now review the sentence for reasonableness. *See United States v. Booker*, 125 S. Ct. 738, 765 (2005).

This court has held that "any sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, No. 04-1196, 2005 WL 1592956, at *1 (7th Cir. July 7, 2005). "The defendant can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in § 3553(a)." *Id.* at *2. The defendants "must be given an opportunity to draw the judge's attention to any factor listed in [§] 3553(a) that might warrant a sentence different from the guidelines sentence[.]" *See United States v. Dean*, No. 04-3172, 2005 WL 1592960, at *5 (7th Cir. July 7, 2005).

As we noted, however, in a *Paladino* remand the conduct or circumstances that bear on the § 3553(a) factors must have been in existence at the time the original sentence was imposed. In this case, the § 3553(a) factors raised by the defendants all involved matters occurring after the date of sentencing. The goal of the *Paladino* remand is to determine if, at the time of sentencing, the district judge would

have imposed a different sentence in the absence of manda-tory guidelines. Post-sentencing events or conduct simply are not relevant to that inquiry.

Re and Calabrese have not presented relevant evidence to rebut the presumption that their sentences, which were within the properly calculated guideline range, were rea-sonable when imposed. Therefore, they "cannot meet the third plain error element; namely, that the changes wrought by *Booker* "affect[ed their] substantial rights." *Mykytiuk*, 2005 WL 1592956, at *2.

We AFFIRM the sentences of both Re and Calabrese.

A true Copy:

        Teste:

                    _____

                    *Clerk of the United States Court of*
                    *Appeals for the Seventh Circuit*