*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0239p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 05-5951

JEFFREY WORLEY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Winchester.
No. 02-00041—R. Allan Edgar, District Judge.

Argued: May 12, 2006

Decided and Filed: July 10, 2006

Before: DAUGHTREY and COOK, Circuit Judges; CARR, Chief District Judge.[*]

_____

## COUNSEL

**ARGUED:** A. Christian Lanier III, Chattanooga, Tennessee, for Appellant. Perry H. Piper, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee. **ON BRIEF:** A. Christian Lanier III, Chattanooga, Tennessee, for Appellant. Perry H. Piper, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

_____

## OPINION

_____

MARTHA CRAIG DAUGHTREY, Circuit Judge. The defendant, Jeffrey Worley, is before this court for a second time, again contesting the sentence imposed on the basis of his guilty plea to conspiracy to manufacture and distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We affirmed his conviction and sentence at the time of his initial appeal. *See United States v. Worley*, 100 Fed.Appx. 514 (6th Cir. 2004). However, the Supreme Court granted *certiorari*, vacated our judgment, and remanded the case to us for reconsideration in light of the Court's simultaneously released decision in *United States v. Booker*, 543 U.S. 220 (2005), presumably because Worley was sentenced under guidelines that were considered mandatory at the time, a scheme held to violate the Sixth Amendment in *Booker*. *See Worley v. United States*,

_____

[*]The Honorable James G. Carr, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

1

543 U.S. 1109 (2005). We, in turn, remanded the case to the district court for re-sentencing in conformity with the *Booker* opinion.

The question now raised on appeal concerns the scope of the *Booker* remand. The defendant insists that at his second sentencing hearing, the district court erred in failing to consider his successful efforts at rehabilitation during almost three years that he was incarcerated prior to re-sentencing, including the period that followed the original sentencing order. We conclude, as did the district court, that our prior order directed a remand for the limited purpose of reviewing the initial sentence to ensure that it did not violate the Sixth Amendment and that the order of remand did not require or permit consideration of factors postdating the original sentencing hearing. We therefore affirm the judgment of the district court.

At the re-sentencing hearing, Worley presented evidence concerning both his rehabilitative accomplishments during his incarceration and the impact of his incarceration on his family, providing the district court with items such as a letter from the landscape supervisor at the Big Sandy Penitentiary, who described Worley as "one of those Inmates who has showed a great deal of rehabilitation towards authority and working to correct being back in society"; a certificate of completion of the prison's drug education class; certificates of achievement in computer keyboarding and Spanish; letters from family members; and petitions for leniency signed by various community members. Worley specifically requested that, in view of this evidence, the district court reduce his sentence from the 152 months originally imposed to the mandatory minimum sentence of ten years required by 21 USC § 841(b), a reduction of almost three years.

Although praising Worley for his accomplishments in prison, the district court reimposed the same sentence of 152 months, finding both that the sentence was appropriate, given the circumstances of the offense and the defendant's involvement, and that a reduction for post-sentencing rehabilitation was not appropriate:

> [A]t the time that you were doing this, you were a large producer of methamphetamine in your area. In fact, I think that it's safe to say that at that time that you were one of the larger producers . . . .
>
> I had sentenced you in the middle of the guidelines, and I'm looking back over it, and I see here where you've got a situation where there were some firearms involved in this. And I think that you are probably right in your assertion here that your incarceration probably saved your life. And it may have saved some other people's lives too. You have firearms and you have a large amount of methamphetamine around, that is a very dangerous mix.
>
> . . . . .
>
> So, I have to look . . . basically at the facts as they existed at the time that I imposed the sentence and determine whether or not in view of *Booker* and in view of the fact that I have more flexibility, I have a little bit more flexibility now than I had then should a different sentence be imposed.
>
> In this case I would have to say that the sentence was right in the middle of the guidelines, and I don't really see any reason to impose any other sentence because, certainly, I didn't see a reason to impose any sentence that's outside of the guidelines.
>
> . . . . .

I really don't think that it would be appropriate in this particular case anyway to consider what you have done since you've been incarcerated. If I did that, we would be, I would be, I might be changing a lot of sentences that people would come back here for.

And I just think that the purpose of the Supreme Court's decision in the *Booker* case was to allow the Courts again to take another look at the sentence that was imposed and see if that sentence was not appropriate under the circumstances at that time.

Because the United States Sentencing Guidelines may no longer be considered mandatory, the district court's responsibility under *Booker* is to calculate the presumptive sentencing range under the guidelines and determine, applying the sentencing factors set out in 18 U.S.C. § 3553(a), whether the appropriate sentence lies within that range or outside it. *United States v. Stone*, 432 F.3d 651, 655 (6th Cir. 2005). Following the dictates of *Booker*, we then review the district court's sentencing order for "reasonableness." *Booker*, 543 U.S. at 260-61. But, as we noted in *United States v. Webb*, reasonableness takes into account something more than just the length of the sentence:

> Instead, we read *Booker* as instructing appellate courts in determining reasonableness to consider not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination. Thus, we may conclude that a sentence is unreasonable when the district judge fails to "consider" the applicable Guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.

*Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (footnote omitted). On the other hand, we have also noted that although a sentence should reflect the considerations listed in § 3553(a), "'[t]here is no requirement that the district court . . . engage in a ritualistic incantation' of the § 3553(a) factors it considers," as long as the district court supplies a rationale sufficiently detailed enough to reflect the court's considerations under § 3553(a). *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005).

There is no question in this case that the district court made an ostensibly reasonable assessment of the relevant factors under § 3553(a) – indeed, the district judge discussed virtually every one of the factors listed in that section, including the nature and circumstances of the offense and its "seriousness," the "history and characteristics of the defendant" both as to his criminal conduct and as to his addiction to methamphetamine, and the potential for "provid[ing] the defendant with needed . . . training [and] medical care." 18 U.S.C. § 3553(a). The defendant's post-sentencing conduct, which the district judge declined to consider, is not a factor listed in § 3553(a), although arguably it could be considered a part of a defendant's "history and characteristics."

In point of fact, case law in this circuit previously permitted a sentencing court to depart downward for extraordinary rehabilitative efforts between an original sentencing and subsequent re-sentencing, but only under limited circumstances. *See, e.g., United States v. Rudolph*, 190 F.3d 720 (6th Cir. 1999) (post-sentence rehabilitation relevant "only after an appeal where there is a remand for re-sentencing, a defendant successfully prosecutes a collateral attack, or in infrequent occurrences such as the passage of a pertinent and retroactive amendment to the sentencing guidelines"). Even that limited possibility was eliminated by the adoption of the policy statement contained in United States Sentencing Guidelines § 5K2.19, which became effective on November 1, 2000, and which provides that "[p]ost-sentencing rehabilitative efforts, even if exceptional,

undertaken by a defendant after imposititon of a term of imprisonment . . . are not an appropriate basis for downward departure when re-sentencing the defendant for th[e same] offense."

At least one other circuit court that has considered this issue has held that in a *Booker* remand:

> . . . the conduct or circumstances that bear on the § 3553(a) factors must have been in existence at the time the original sentence was imposed.  In [the case under review], the § 3553(a) factors raised by the defendants all involved matters occurring after the date of sentencing.  The goal of the [*Booker*] remand is to determine if, at the time of sentencing, the district judge would have imposed a different sentence in the absence of mandatory guidelines.  Post-sentencing events or conduct simply are not relevant to that inquiry.

*United States v. Re*, 419 F.3d 582, 584 (7th Cir. 2005).  As a result, the court in *Re* held that, given the limited nature of the remand, the defendants' post-sentencing efforts at rehabilitation while incarcerated were not relevant to rebut the presumption that their sentences – which fell within the guideline range correctly calculated by the district court – met the reasonableness standard.  *Id.* at 583-84.

The sentence in this case was likewise within a guideline range that was correctly calculated by the district court and was reasonable when measured by the factors set out in § 3553(a).  We therefore AFFIRM the judgment of the district court incorporating its sentencing order.