NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0157n.06
Filed: February 26, 2007

Case No. 06-1194

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| ALONZO MONDAY, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  KENNEDY, BATCHELDER, and CLAY, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  Appellant Alonzo Monday ("Monday")

appeals the 100-month sentence imposed by the district court after we remanded his case for re-

sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).  Because we conclude that the

district court adequately considered and analyzed the relevant sentencing factors expressed in 18

U.S.C. § 3553(a), we declare that the sentence satisfies our reasonableness review and affirm the

district court's decision.

**I.**

On November 18, 2002, an officer of the Ingham County Sheriff's Department executed a

routine traffic stop on an automobile operated by Alonzo Monday.  During the stop, the officer asked

Monday if he had any narcotics, and Monday admitted that there was marijuana in the backseat.  The

officer then asked if Monday had any weapons in the vehicle, and Monday responded that a handgun

was located next to the marijuana. After obtaining Monday's consent, the officer proceeded to search the vehicle and discovered 4.42 grams of marijuana, 21.08 grams of crack cocaine, a semiautomatic pistol, and a police scanner. Upon further questioning, Monday stated that he was transporting the marijuana for someone else and that the gun was lawfully registered to his wife, but he adamantly denied any knowledge of the cocaine.

On February 26, 2003, the federal grand jury returned a three-count indictment charging Monday with (1) knowingly and intentionally possessing with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); (2) possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); and (3) knowingly and intentionally possessing with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). On July 14, 2003, Monday entered into a written plea agreement with the government in which Monday agreed to plead guilty to the second and third counts of the indictment -- possession of a firearm by a convicted felon and possession with intent to distribute marijuana -- and the government agreed to dismiss the first count -- possession with intent to distribute crack cocaine. The district court accepted Monday's guilty plea and held a sentencing hearing on October 20, 2003. At the hearing, the district court relied on the presentence investigation report to determine Monday's base offense level of 27 and criminal history category of IV, which subjected him to a guideline range of 100 to 125 months' imprisonment. The district court, treating the guidelines as mandatory, sentenced Monday to 100 months of incarceration -- at the low end of the guidelines range. Monday appealed his sentence to this Court, and in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), we remanded to the district court for re-sentencing on June 13, 2005.

Prior to re-sentencing, Monday filed a sentencing memorandum with the district court in which he highlighted his rehabilitative efforts since being incarcerated after his initial sentencing in October 2003; these rehabilitative efforts included maintenance of clear conduct records, achievement of good work evaluations, completion of a drug-treatment program, attempts to pay child support, and efforts to maintain contact with his family. Monday requested that the district court impose a sentence below 100 months' imprisonment on the basis of these post-sentencing rehabilitative efforts. At the sentencing hearing on December 19, 2005, Monday reiterated the arguments expressed in his sentencing memorandum adding that he "ha[d] taken advantage of whatever programs that he ha[d] been able to within the [federal prison system]" and he was "not just biding his time, [but] trying to make a difference in his own life so that he [could] make a difference in other people's lives once he [was] released."

In response, the district court judge stated: "[I]t's my general view that someone who is incarcerated and who has landed a job or improved educationally and so forth, has done the minimum that I expect to see of a person who is in an incarceration setting. . . . So it takes, in my opinion, someone who . . . has gone far beyond what anyone would ordinarily expect [during incarceration] . . . , [to] be due . . . additional consideration . . . in resentencing." The judge then acknowledged that Monday was not someone who had "gone far beyond what anyone would ordinarily expect" during his imprisonment, and the judge refused to reduce his sentence on that basis. The judge next recognized that Monday had a "lengthy and fairly persistent history with criminal activity," which "predict[ed] . . . a fairly high likelihood of going out and doing something [illegal]" after his release from prison. Turning to the sentencing factors in 18 U.S.C. § 3553(a), the judge noted that he "ha[d] to [keep] in mind some degree of protection to the community when [he]

3

tr[ied] to figure out the proper sentence, in addition to all the other factors in the statute . . . , which keeps in mind things like . . . the need for educational and work experience and rehabilitative efforts . . . as well as the purposes of sentencing that include proper actual punishment for the deeds that were done[.]" Ultimately, the judge reimposed the original sentence of 100 months' imprisonment, stating that he had "consider[ed] the advisory guideline range . . . as well as the other purposes of sentencing expressed in Title 18, Section 3553(a)" and had found 100 months to be "an appropriate and reasonable sentence."

On January 4, 2006, the district court entered an amended judgment reimposing the 100-month sentence, and Monday filed a timely notice of appeal on January 13, 2006.

**II.**

A sentencing court's task is to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2), *see United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006), and our task on appeal is to review that sentence for reasonableness, *see Booker*, 543 U.S. at 261; *United States v. Lonnie Davis*, 458 F.3d 505, 510 (6th Cir. 2006) ("Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task."). In an effort to bring structure and clarity to appellate reasonableness review, our decisions "have distinguished between the procedural and substantive reasonableness of sentences." *United States v. William Davis*, 458 F.3d 491, 495 (6th Cir. 2006). Monday argues that the sentence imposed by the district court was procedurally unreasonable, and we will confine our inquiry accordingly.

A sentence is procedurally reasonable if "the district court adequately considered and expressed its application of the relevant factors listed in 18 U.S.C. § 3553(a) to permit meaningful

appellate review." *Lonnie Davis*, 458 F.3d at 510 (internal quotations omitted). "The goal of the procedural reasonableness requirement is to ensure that a sentencing court explains its reasoning to a sufficient degree to allow for reasonable appellate review." *United States v. Dexta*, 470 F.3d 612, 614 (6th Cir. 2006) (citing *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005)). While we have consistently required district courts to consider the Section 3553(a) factors, procedural reasonableness "does not require a rote listing," *United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006), or a "'ritual incantation' of the factors," *United States v. Williams*, 436 F.3d 706, 709 (6th Cir. 2006) (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)), as long as the court provides "sufficient evidence in the record to affirmatively demonstrate [its] consideration of [the factors]," *Lonnie Davis*, 458 F.3d at 510 (quoting *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006)), and "to allow for reasonable appellate review." *Williams*, 436 F.3d at 709 (quoting *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005)); *accord United States v. Gale*, 468 F.3d 929, 934 (6th Cir. 2006) ("While '[t]he district court need not explicitly reference each of the § 3553(a) factors in its sentencing determination,' 'there must be sufficient evidence in the record to affirmatively demonstrate the court's consideration of [these factors].'" (alterations in original) (quoting *United States v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006))). We may find sentences to be procedurally unreasonable where "the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Collington*, 461 F.3d at 808 (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)).

Our case law also acknowledges that a sentence within the applicable guidelines range is entitled to a rebuttable presumption of reasonableness. *Williams*, 436 F.3d at 708. Because the

district court's sentence of 100 months' imprisonment is within the applicable guidelines range, it is entitled to a presumption of reasonableness, and we must operate under this presumption as we engage in our reasonableness inquiry.

In an effort to rebut this presumption, Monday argues that his sentence is procedurally unreasonable because the district court based its sentencing decision on only one of the Section 3553(a) factors -- the applicable guidelines range, *see* 18 U.S.C. § 3553(a)(4)(A) (directing district courts to consider the sentencing range set forth in the guidelines) -- and failed to consider all the other Section 3553(a) factors. We reject this argument because it has no factual or legal merit. The record plainly establishes that the district court did in fact consider numerous Section 3553(a) factors -- more than just the applicable guidelines range. In reaching his decision, the district court judge reviewed and discounted Monday's rehabilitative efforts during incarceration, *see* 18 U.S.C. § 3553(a)(1) (directing sentencing courts to consider the "history and characteristics of the defendant"); he noted Monday's "lengthy and fairly persistent history with criminal activity," *see id.*; he acknowledged that Monday's criminal record suggested "a fairly high likelihood" of committing future crimes, *see* 18 U.S.C. § 3553(a)(2)(C) (directing sentencing courts to consider the need "to protect the public from further crimes of the defendant"); he recognized that he had to "keep in mind" the need to provide Monday with educational, vocational, and rehabilitative opportunities, *see* 18 U.S.C. § 3553(a)(2)(D) (directing courts to consider the need "to provide the defendant with . . . educational or vocational training, medical care, or other correctional treatment in the most effective manner"); and he finally noted that he had to "keep in mind" the need to punish Monday for the crimes he had committed, *see* 18 U.S.C. § 3553(a)(2)(A) (directing courts to consider the need for the sentence "to reflect the seriousness of the offense . . . and to provide just punishment

6

for the offense"). Moreover, the judge expressly noted that he "consider[ed] the advisory guideline range . . . as well as the other purposes of sentencing expressed in Title 18, Section 3553(a)."[1]

While the district court's statement that it considered the Section 3553(a) factors, standing alone, is not sufficient to establish the procedural reasonableness of its sentence, *see Lonnie Davis*, 458 F.3d at 511 (recognizing that "the focus of sentencing 'is on substance rather than form'" and on the district court's analysis rather than "any particular 'magic words'"); *United States v. Vonner*, 452 F.3d 560, 568 n.4 (6th Cir. 2006) ("[W]e have . . . *not* held that the mere recitation of the magic words 'Section 3553(a)' is itself *sufficient* to immunize a district court's sentencing decision from reversal."), *reh'g en banc granted*, No. 05-5295, 2006 U.S. App. LEXIS 27661, at *1 (6th Cir. October 12, 2006), we find that this statement, combined with the district court's express consideration of many Section 3553(a) factors, resulted in the issuance of a procedurally reasonable sentence.

Nor do we find any merit in Monday's claim that the district court must consider and discuss *all* of the Section 3553(a) factors. In *Williams*, we rejected the defendant's argument that "the district court's failure to explicitly discuss *each* factor rendered his sentence unreasonable." *Williams*, 436 F.3d at 708 (emphasis added). Similarly, in *Dexta*, we upheld the procedural reasonableness of a sentence, even though "the district court did not explicitly consider *each and*

---

[1]The district court also noted that the 100-month sentence was "an appropriate and reasonable sentence." We have previously recognized that "a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of [S]ection 3553(a)(2)." *Foreman*, 436 F.3d at 644 n.1. We conclude -- as we did in *Davis* -- that "the district court's reference to a reasonableness standard does not render [Monday's] sentence unreasonable in the face of the district court's satisfaction of the post-*Booker* sentencing mandates." *Lonnie Davis*, 458 F.3d at 511; *see also United States v. Cruz*, 461 F.3d 752, 755-56 (6th Cir. 2006) (stating that "the district court's use of the word 'reasonable' in describing the sentence he wished to impose did not eclipse his thorough application of the § 3553(a) factors and his exercise of independent judgment"); *United States v. Cage*, 458 F.3d 537, 541 (6th Cir. 2006) ("We decline to conclude that by using the term 'reasonable' or by acknowledging that the appellate court will apply a rebuttable presumption of reasonableness to a sentence, the district court is itself applying that presumption.").

*every* § 3553(a) factor," because the court developed a sufficient record "to allow for meaningful appellate review." *Dexta*, 470 F.3d at 615 (emphasis added). Because the district court in our case adequately considered and applied numerous Section 3553(a) factors, *see Lonnie Davis*, 458 F.3d at 510, we find that Monday's sentence satisfies our review for procedural reasonableness.

Monday also contends that his sentence is procedurally unreasonable because the district court decried, minimized, and failed to give reasoned consideration to his attempts at rehabilitation since his original sentencing, including his good conduct record, completed substance-abuse program, and attempts to satisfy his familial obligations. The record clearly discloses that the district court did in fact consider Monday's arguments regarding post-sentencing rehabilitation efforts as a basis for a downward variance and rejected them. After reviewing the sentencing memorandum and hearing Monday's arguments on the matter, the judge stated that he expected all defendants to engage in rehabilitation efforts while incarcerated and would consider a sentence reduction only for a defendant who had "gone far beyond what anyone would ordinarily expect" during incarceration. Because the judge did not think Monday met that standard, he refused to grant a downward variance from the guidelines range on that basis. Therefore, to the extent Monday contends that the district court did not consider his argument for a downward variance on the basis of his rehabilitative efforts during incarceration, he simply mischaracterizes the district court proceedings.

More importantly, we find that the district court -- charged with the task of re-sentencing Monday in light of *Booker* -- was not required to consider any of Monday's post-sentencing rehabilitative efforts. Congress has instructed sentencing courts to consider any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3553(a)(5). One such policy statement, which went into effect prior to Monday's indictment in this case, provides that "[p]ost-

sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense." U.S.S.G. § 5K2.19. Additionally, in *United States v. Worley*, 453 F.3d 706, 709-10 (6th Cir.), *cert. denied*, 127 S. Ct. 450 (2006), we considered and dismissed any notion that a district court is required to consider a defendant's post-sentencing rehabilitation efforts in the context of re-sentencing. The defendant in *Worley* argued that "the district court erred in failing to consider his successful efforts at rehabilitation during almost three years that he was incarcerated prior to re-sentencing[.]" *Id.* at 707. In affirming the district court's sentence in that case, we concluded that "the defendant['s] post-sentencing efforts at rehabilitation while incarcerated were not relevant to rebut the presumption that [his] sentence[] . . . met the reasonableness standard." *id.* at 709-10 (citing *United States v. Re*, 419 F.3d 582, 583-84 (7th Cir. 2005)), and held that the district court, in performing its limited task of re-sentencing a defendant pursuant to *Booker*, was not "require[d] or permit[ted] [to] consider[] factors postdating the original sentencing hearing." *Id.* at 707. Here, we similarly conclude that the district court did not act unreasonably in refusing to grant a downward variance based on Monday's post-sentencing rehabilitative efforts.

### III.

For the foregoing reasons, we **AFFIRM** Monday's sentence.