NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0482n.06
Filed: July 5, 2007

No. 06-1593

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ROBERT JAMES BROOKS, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: GIBBONS and MCKEAGUE, Circuit Judges, and BERTELSMAN, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge**. Defendant-appellant, Robert James Brooks,

challenges, as procedurally and substantively unreasonable, the sentence entered by the district court

following remand for resentencing. For the reasons below, we affirm the judgment of the district

court sentencing Brooks to 120 months.

I.

In 2002, the United States charged Brooks with one count of being a felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm not registered with the

National Firearms Registration, in violation of 26 U.S.C. § 5861(d). On the government's motion,

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District
of Kentucky, sitting by designation.

1

the district court dismissed count one, and Brooks pled guilty to count two pursuant to a plea agreement. On August 5, 2003, the district court entered an amended judgment sentencing Brooks to 120 months imprisonment, the maximum term of imprisonment provided for a violation of 26 U.S.C. § 5861(d).[1] Brooks appealed. During the pendency of Brooks's appeal, the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005). In an order issued November 7, 2005, the Sixth Circuit concluded that the district court had engaged in a proper Guidelines calculation, but vacated Brooks's sentence and remanded for resentencing in light of *Booker*.

Prior to his second sentencing, Brooks filed a "re-sentencing" memorandum urging the district court to impose a lower sentence based upon the dated nature of his previous convictions and his good behavior while in prison. In addition, Brooks prepared a letter detailing for the court the hardship imposed on his family by his incarceration and his efforts at rehabilitation while in prison. Brooks waived the right to appear at his resentencing. On April 18, 2006, the district court entered a written order sentencing Brooks to 120 months imprisonment. Brooks filed a timely notice of appeal.

II.

Following the Supreme Court's *Booker* decision, courts of appeals review sentences for reasonableness. *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). Our court evaluates all sentences for both procedural and substantive reasonableness. *United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006). Assessing the procedural reasonableness of a sentence involves, among

---

[1]Although Brooks's offense level of 30 and criminal history category of VI yielded a Sentencing Guidelines range of 168 to 210 months imprisonment, the applicable penalty provision, 26 U.S.C. § 5871, sets 10 years, or 120 months, as the maximum permissible term. *See* U.S.S.G. § 5G1.1.

other things, an examination of "whether the district court adequately considered and expressed its application of the relevant factors listed in 18 U.S.C. § 3553(a)" such as to allow "meaningful appellate review," while substantive reasonableness involves a determination of the propriety of the length of the imposed sentence. *Id.* (internal quotation marks omitted).

A.

Brooks contends that his sentence is procedurally unreasonable because the district court failed to cite and respond to the arguments made in the sentencing memorandum filed by defense counsel and his letter filed with the court prior to resentencing. The contents of the court's sentencing opinion belie Brooks's claim, however. The district court provided a full recitation of the basis for its Guidelines calculation–which Brooks does not challenge–and the reason that it considered the maximum sentence to be appropriate in light of the factors under 18 U.S.C. § 3553(a):

> Now the Court turns to the final task of determining a reasonable sentence for Defendant when considering the advisory Guideline range and the pertinent factors under section 3553(a). Under *Booker*, this Court "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker*, 543 U.S. at 264. The factors articulated in 18 U.S.C. § 3553(a) should be reviewed and the Court is required to offer some measure of reasoning in creating a reasonable sentence. Therefore, this Court will determine a reasonable sentence for Defendant based on the statutory considerations outlined in section 3553(a), together with the pertinent Guideline language.
>
> Section 3553 requires the Court to impose a sentence that considers the history and characteristics of the defendant, reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense. The Court must also craft a sentence that affords adequate deterrence to future criminal conduct. Finally, the Court should consider the kind of sentence and the sentencing range established for this particular offense, any pertinent policy considerations, and, in particular, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

3

In determining a reasonable sentence, *particular attention was paid to the Report, the parties' resentencing memoranda, and a letter authored by Defendant.* Defendant owns a lengthy criminal history, including repeated assaults upon his girlfriend (who is also the mother of his children), and convictions for larceny and property destruction. By the age of 29, Defendant had already accumulated 16 adult criminal convictions and has been arrested six other times. Defendant also suffers from substance abuse addiction and problems controlling his anger. The Court noted at his original sentencing, "Defendant appears incapable of controlling his anger and conducting himself in any kind of law abiding manner. He refuses to learn from his past mistakes and continues to be in situations where he presents a serious threat to other people as [a] result of his conduct." (Sent'g Tr. at 149). Furthermore, at sentencing Defendant became unmanageable and had to be removed from the proceeding before he was given notice of the right to appeal his sentence. At that point in the proceeding, Defendant told the United States Marshall to "[g]et your hands the fuck off me." (Id. at 154).

A lengthy sentence is warranted and necessary to instill within Defendant a respect for the law he so obviously lacks. Furthermore, while incarcerated Defendant will be deterred from future criminal behavior and afforded the opportunity to address his anger management and substance abuse issues. It appears that a mixture of substance abuse, anger problems, and other negative stressors work to fuel Defendant's criminal behavior. He will need to strive to eradicate such stimulus from his life before having any real chance at becoming crime-free. Thus, having considered Defendant's sentence under the teachings of *Booker* and the Guidelines, the Court will not change any of the original terms of its Judgment. Defendant's custodial term of imprisonment will remain 120 months with the same conditions of supervised release reimposed. An Amended Judgment consistent with Opinion shall enter.

The district court's order makes clear that it was mindful of the arguments raised both in defendant's sentencing memorandum and his letter to the court. The Sixth Circuit has rejected the proposition that, under these circumstances, a trial court must specifically cite every argument and document provided by a defendant when it provides an otherwise satisfactory explanation of the reason for its sentencing decision. In *United States v. Gale*, 468 F.3d 929, 939-40 (6th Cir. 2006), the defendant challenged on procedural reasonableness grounds the district court's failure to mention each of the § 3553(a) factors as well as a collection of written materials the defendant had submitted to the court. Rejecting defendant's claim, the court explained that "[w]hen a district court adequately explains

4

*why* it imposed a particular sentence, especially one within the advisory Guidelines range, we do not further require that it exhaustively explain the obverse-*why* an alternative sentence was *not* selected-in every instance." *Id*. at 940. It concluded that in the absence of an "affirmative indication" to the contrary, a district court's sentencing decision is entitled to a presumption that it reviewed the evidence before it. *Id*. at 941. Here, the district court offered a full recitation of the reasons for its decision to sentence Brooks to the maximum sentence permissible under the statute. The court noted Brooks's lengthy criminal history, including 16 adult criminal convictions prior to the age of 29, 6 additional arrests, and "repeated assaults" on his girlfriend. It further highlighted the anger management problems Brooks displayed, citing as an example the need to remove Brooks from his earlier sentencing proceeding, presumably because of an outburst of some kind. These factors, the court concluded, called for a "lengthy sentence . . . to instill within Defendant a respect for the law," to deter Brooks from future misconduct, and to provide an opportunity for Brooks to address his substance abuse and "anger problems." In light of the district court's full explanation of the basis for its sentencing decision, no error was created by its failure to respond in detail to each of Brooks's claims raised prior to sentencing.

We accordingly reject Brooks's challenge to the procedural reasonableness of his sentence.

B.

Brooks also asserts that his sentence is substantively unreasonable. In reviewing for substantive reasonableness, our court accords a presumption of reasonableness to sentences falling within the advisory Guidelines range. *See Rita v. United States*, _ _ _ S.Ct. _ _ _, 2007 WL 1772146, at *6 (June 21, 2007) (sanctioning use of presumption of reasonableness); *United States v. Dexta*, 470 F.3d 612, 615 (6th Cir. 2006). Because the district court imposed a within-Guidelines

sentence in this case, that sentence is entitled to a presumption of reasonableness. In an effort to rebut this presumption, Brooks argues that the sentence imposed was greater than necessary in light of the "mitigation factors" he highlighted for the trial court prior to resentencing, including his rehabilitative efforts in prison outlined in his letter to the court. However, Brooks has offered us no compelling reason to reverse the well-reasoned judgment of the district court. The trial court sentenced Brooks to a more substantial term in order to provide him with an opportunity to address his substance abuse issues and problems with interpersonal interactions. That Brooks has taken steps while in prison to improve in these areas does nothing to undercut the district court's original judgment that a lengthy prison term was necessary to achieve the fullest rehabilitative effect. *See United States v. Worley*, 453 F.3d 706, 709 (6th Cir. 2006) (noting, generally, that where a defendant is resentenced on a *Booker* remand, post-rehabilitative efforts will not rebut presumption of reasonableness accorded within-Guidelines sentences) (citing *United States v. Re*, 419 F.3d 582, 584 (7th Cir. 2005)). Moreover, while it is unfortunate that Brooks's children have suffered the consequences of his offenses, he has not explained how this distinguishes him from the many other offenders whose families bear the brunt of their criminal acts.

We accordingly conclude that the district court's sentence was substantively reasonable.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

6