NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0676n.06

No. 17-5165

**FILED**
Dec 06, 2017
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL JOHNSON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

**BEFORE: SILER, WHITE and THAPAR, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant Michael Johnson appeals the district court's denial of his motion for sentence reduction. Johnson argues the district court erred in failing to consider evidence of his post-sentence rehabilitation. We **AFFIRM**.

## I. Background

In 2005, a jury convicted Johnson of: (1) conspiracy to distribute and possess with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 846 and § 841(a)(1); (2) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (3) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (4) possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 2. Because the district court determined Johnson was a "career offender" under U.S.S.G. § 4B1.1, his guidelines range was increased to 360 months to life in prison. The district court sentenced Johnson to a total of 360 months' imprisonment—300 months, concurrent, on counts 1 through 3, and a statutorily mandated minimum consecutive

term of 60 months for the § 924(c) offense—to be followed by a four-year term of supervised release.

Johnson appealed. This court affirmed his convictions, but vacated his sentence and remanded for resentencing in light of intervening Supreme Court cases. *United States v. Johnson*, 308 F. App'x 968, 970 (6th Cir. 2009) (citing *Begay v. United States*, 553 U.S. 137 (2008) and *Kimbrough v. United States*, 552 U.S. 85 (2007)).

The district court resentenced Johnson in June 2009. The court found Johnson was no longer subject to the career offender guideline enhancement because one of his predicate offenses—reckless endangerment—no longer qualified as a crime of violence. Johnson's guidelines range, including the consecutive 60 months under § 924(c), was recalculated at 200 to 235 months.

At Johnson's resentencing hearing, the district court heard argument from the parties and testimony about Johnson's rehabilitative efforts in prison. The district court then sentenced Johnson to an aggregate term of 300 months' imprisonment, stating a sentence longer than the recalculated guideline range was required to protect the public:

> With Defendant's long history of criminal activity, the common presence of guns, the frequency and escalating nature of his crimes, and his age, the Court does not deem a Guidelines sentence of 200 to 235 months . . . with Defendant having already spent almost five years in custody, as adequate to provide the public with sufficient protection from future crimes that might be committed.

[Memorandum, R. 166 at PID 82].

Regarding Johnson's conduct in prison, the district court explained:

> While Defendant appears to be doing well in prison, *this is not relevant to the determination of his sentence* and whether he has the ability to live peacefully in society." [*Id.*] (citing *United States v. Worley*, 453 F.3d 706, 707 (6th Cir. 2006) (holding a *Booker* remand did not permit consideration of the defendant's post-sentencing rehabilitative efforts) (emphasis added)).

[*Id.*].

-2-

Ultimately, the district court concluded that "a shorter sentence would not serve the § 3553(a)(2)(C) goal of protecting society from Defendant's future crimes." [*Id.*]. In its written explanation, the district court added: "Defendant's sentence in this case is driven by his criminal history rather than his conviction for crack cocaine offenses and the Court would impose the same sentence even with a different Guidelines calculation." [*Id.*].

Johnson appealed, and we affirmed his sentence. *United States v. Johnson*, No. 09-5658 (6th Cir. Feb. 18, 2011). We then granted Johnson's motion for rehearing and allowed Johnson to submit further briefing. The last of Johnson's six arguments was that the district court's refusal to consider post-sentencing rehabilitation conflicted with the Supreme Court's then-recent decision in *Pepper v. United States*, 562 U.S. 476 (2011). Without citing *Pepper*, this court affirmed Johnson's sentence:

> "Johnson's claim that the district court erred by failing to consider his post-sentence rehabilitation efforts does not render his sentence substantively unreasonable." *United States v. Johnson*, No. 09-5658 (6th Cir. Mar. 14, 2012) (citing *United States v. Lapsins*, 570 F.3d 758, 773 (6th Cir. 2009) (holding a district court "is not required to give the reasons for rejecting any and all arguments" made regarding sentencing.)).

Johnson then filed pro se motions seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Guidelines Amendments 782 and 750.[1] Johnson's counsel filed a Supplemental Motion for sentence reduction, citing Amendments 780 and 788. The government conceded that under the applicable Amendments, Johnson's new guideline range was 160 to 185 months, including the mandatory consecutive § 924(c) sentence. The government acknowledged that the district court had the discretion to reduce Johnson's sentence, and observed that he would "likely be eligible for immediate release" if granted the maximum reduction authorized by Amendment

---

[1] Johnson also filed a motion under 28 U.S.C § 2255, which proceeded separately.

782. Nevertheless, the government opposed any sentence reduction, citing the § 3553(a) factors and the district court's prior analysis of those factors.

Johnson filed an additional supplement providing details about his rehabilitation in prison, citing his significant work history while incarcerated and 29 certificates for courses taken in prison. His only infractions in prison were "classified as non-violent and non-criminal" and he was transferred from a maximum-security prison to a medium-security facility for "overall good behavior." Johnson also submitted letters from his sister—a psychologist—and his father, both of whom attested to Johnson's growth and increased ability to cope and communicate.

In January 2017, the district court ruled on Johnson's motion without a hearing. In its one-page order, the court "regonize[d] Defendant is eligible for a reduced sentence under 18 U.S.C. § 3582(c) and U.S.S.G. §1B1.10." [Order, R. 221 at PID 181]. The court noted that Johnson's 300-month sentence "included a substantial upward variance from Defendant's guidelines range based on Defendant's extensive and violent criminal history and the need to protect the public from Defendant's future crimes." [*Id.*]. Finding that "[t]he § 3553(a) factors . . . counsel against reducing Defendant's sentence below 300 months," the court denied Johnson's motion. [*Id.*].

Johnson appealed.

## II.    Legal Standard

We review the district court's ruling on a motion for modification of a sentence for abuse of discretion. *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Id.* (quoting *United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 450 (6th Cir. 2005)). Our court will reverse only when "firmly convinced that a mistake has been made." *United States v. Webb*, 760 F.3d

513, 517–18 (6th Cir. 2014) (quoting *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009)) (internal quotation marks omitted).

### III.    Discussion

The parties agree that Johnson is eligible for a sentence reduction under § 3582(c)(2); the issue is whether the district court abused its discretion in denying Johnson's motion. A district court considering a sentence reduction must analyze the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt n.1(B)(ii) (U.S. Sentencing Comm'n 2016).

Johnson concedes that when he was resentenced in 2009, the district court properly refused to consider his post-sentence rehabilitation under then-current case law. Johnson argues, however, that in light of *Pepper*, the district court's reliance on its 2009 rationale in denying Johnson's § 3582 motion was legal error and thus constitutes an abuse of discretion.[2] In essence, Johnson asserts that the district court erred in assuming that it was unable to consider Johnson's post-sentencing conduct at the § 3582 proceeding, just as it had been prohibited from doing so at the 2009 resentencing, and the cause of this error was the district court's failure to recognize *Pepper*.

We disagree with Johnson's premise and conclusions. Contrary to Johnson's argument, *Pepper* does not support his appeal. In *Pepper*, the Supreme Court held that "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and [] such

---

[2] In his reply brief, Johnson cites empirical research to argue his amended guideline range already reflects the risk of recidivism. [Reply Br. at 3–8]. This argument is relevant only to a substantive reasonableness challenge, which we lack jurisdiction to consider in this appeal. *See United States v. Bowers*, 615 F.3d 715, 716–17 (6th Cir. 2010).

evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Pepper v. United States*, 562 U.S. 476, 490 (2011). But this appeal stems from Johnson's § 3582 motion, not resentencing after a successful appeal. And in a § 3582 resentencing, consideration of post-sentencing conduct is expressly permitted; the court "may consider postsentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10 cmt. n. 1(B). *Pepper* is inapposite.

Further, the district court did not explicitly refuse to consider evidence of Johnson's post-sentence conduct. Although the order denying resentencing did not analyze the merits of Johnson's rehabilitation argument, it cited Johnson's pro se motions, [R. 209, 210], and the supplemental motion filed by Johnson's counsel, [R. 215], all of which outlined Johnson's conduct since his 2009 resentencing and discussed both the change in law effectuated by *Pepper* (although irrelevant), and the U.S.S.G. § 1B1.10 comment. The order also cites the government's opposition brief, which responded to Johnson's rehabilitation argument: "[W]hile in custody, defendant has incurred disciplinary sanctions on seven separate occasions, including as recently as 2014." [R. 214 at PID 169]. We therefore cannot conclude that the district court believed it was unable to consider such evidence.

Johnson contends the district court "adopted" its 2009 reasoning and "essentially ruled what was good in 2009 is good in 2017." [Appellant's Br. at 20]. But the district court neither adopted nor cited its previous opinion outlining its rationale. Instead, the district court cited its previous 300-month sentence, [R. 167], and stated its reasoning for adhering to that sentence: "The 3553(a) factors—specifically, the need to protect the public from Defendant's future crimes—counsel against reducing Defendant's sentence below 300 months." [R. 221]. Although the district court could have found Johnson's rehabilitation argument persuasive, it did

not deny Johnson's motion under an erroneous legal standard, and did not abuse its discretion on that basis.

We **AFFIRM.**